THATCHER'S, INCORPORATED, PLAINTIFF-RESPONDENT, v. JOHN SCHNEIDER, Jr., DEFENDANT-APPELLANT.

Submitted January 25, 1935—Decided May 2, 1935.

Before Justices LLOYD, CASE and DONGES.

For the respondent, *Charles S. Smith*.

For the appellant, *William J. O'Hagen*.

PER CURIAM.

This is a motion to dismiss an appeal from the District Court of the First Judicial District of Monmouth County for failure to settle the state of the case within the time fixed by the statute.

The following are the pertinent sections of the District Court act:

"213b. Such appeal shall be in the form of a case agreed on by both parties or their attorneys, and if they cannot agree, the judge being applied to by them or their attorneys, shall settle the case and sign it, and such case shall be transmitted by the appellant to the clerk of the Supreme Court and filed by him in his office.

"213c. Such case shall be agreed upon or settled within twenty-five days after such determination or direction, unless the judge shall grant further time for that purpose."

The facts are that the judgment was entered on September 26th, 1934. Notice of appeal and bond were duly served and filed. On October 16th, 1934, appellant presented a state of case to respondent, which was returned on October 19th with the request that the case be settled by the court.

Although no inaccuracy in the state of case was pointed out and later respondent admitted it was correct, there arose in effect a situation where the parties could not agree and the case had to be settled by the court.

On October 17th appellant's counsel secured an order from the District Court judge extending the time for settlement of the case to November 10th, 1934. The time would have expired on October 21st. On October 23d, 1934, appellant requested the judge to settle the case, forwarding him a copy of the case as he had presented it to the respondent. The state of the case was settled by the court on January 18th, 1935, after letters had been written and the judge had been away on a vacation.

The situation thus presented is like that in *Syring* v. *Zelenski*, 77 *N. J. L.* 406, where Mr. Justice Bergen said:

"In this case the parties were not able to agree, and applied to the court to settle the case, and it does not appear that anyone was responsible for the delay except the court, from which it is proper to infer, without any evidence or record to the contrary, that the time was extended by it. The statute does not require that there should be an order entered extending the time for settling the state of the case by the court, and in the absence of anything to the contrary the presumption is that the proceeding was regular."

We are of the opinion that the motion should be denied. Appellant's counsel did all that he was called upon to do. While the control of the settling of the case was still in counsel he obtained an order extending time; before the time expired he made proper application to the trial judge; he was not called upon to take any step to force the judge to act before the time expired. The very fact that the judge did not act and held the matter before him, is an indication that he did in fact further extend the time, which he had power to do.

The motion is denied, with costs.